## United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | REBECCA R. PALLMEYER | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 08 C 2664 | **DATE** | May 14, 2008 |
| **CASE TITLE** | U.S. ex rel. Kafele Parker (#B-37685) vs. Eddie Jones | | |

**DOCKET ENTRY TEXT:**

This case is dismissed without prejudice to filing a motion to reinstate in *United States ex rel. Parker v. Jones*, Case No. 07 C 5567 (N.D. Ill.), within thirty days of the date of this order.

■ **[For further details see text below.]**                                          Docketing to mail notices.

---

### STATEMENT

Kafele Parker, a state prisoner, has filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner challenges his convictions for first degree murder and attempted murder on the grounds that: (1) his defense counsel was ineffective in multiple respects; (2) he was denied the opportunity to present mitigating evidence; and (3) the imposition of consecutive sentences was unconstitutional.

Petitioner previously filed a nearly identical habeas petition. *See United States ex rel. Parker v. Jones*, Case No. 07 C 5567 (N.D. Ill.). The prior habeas action was dismissed for failure to pay the $5.00 filing fee as directed. *See* Minute Order of February 29, 2008 (Pallmeyer, J.).

Petitioner explains that he never received the order directing him to pay the filing fee. However, rather than filing a motion to alter or amend judgment, he has initiated a new case.

The present habeas action would appear to be time-barred. Under the Antiterrorism and Effective Death Penalty Act of 1996, "a 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court." 28 U.S.C. § 2244(d)(1). As Petitioner completed the appeal process in October 2006, the court therefore concludes that the instant petition is subject to dismissal as untimely.

Because Petitioner contends that he did not receive the court's order in his previous case, he is directed to file a motion for reinstatement under Case No. 07 C 5567. Petitioner seems to have commenced his prior habeas action on the last possible day he could do so; therefore, the prior action does not seem to face the timeliness obstacle.

For the foregoing reasons, this action is dismissed. Dismissal is without prejudice to filing a motion for reinstatement in *United States ex rel. Parker v. Jones*, Case No. 07 C 5567.

|  | mjm |
|---|---|